*Bayat v. Accenture Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-three.

PRESENT:

> DENNIS JACOBS,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

ATILA BAYAT,

> *Plaintiff-Appellant,*

v.                                                                          No. 22-1275

ACCENTURE CORPORATION LLC.,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | Atila Bayat, pro se, Torrington, CT. |
| **For Defendant-Appellee:** | B. Aubrey Smith, Winston & Strawn LLP, New York, NY; Michael P. Roche, Winston & Strawn LLP, Chicago, IL. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Victor A. Bolden, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Atila Bayat, proceeding pro se, appeals the district court's grant of summary judgment in favor of Accenture Corporation LLC. ("Accenture") on employment-discrimination and retaliation claims brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review a grant of summary judgment de novo. *Lombard v. Booz–Allen & Hamilton, Inc.*, 280 F.3d 209, 214 (2d Cir. 2002). "Summary judgment may be

granted only if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 567 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

For pro se litigants, we "liberally construe pleadings and briefs . . . , reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted). We nonetheless find that Bayat has abandoned his ADEA claim, as he not only fails to present any argument as to how the district court erred in dismissing it, but fails to even mention this claim in his appellate brief. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995). We likewise find that he has forfeited any challenge to the discovery process below, since he does not point to any specific errors with the district court's rulings. *See Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009); *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). Finally, we decline to consider Bayat's hostile-work-environment claim based on Accenture's failure to place him on projects – a claim raised for the first time on appeal. *See Bogle-Assegai v. Connecticut*, 470 F.3d 498, 504 (2d Cir. 2006) (alteration and internal quotation marks omitted).

3

We evaluate Bayat's remaining claims – for Title VII discrimination and retaliation – under the *McDonnell Douglas* burden-shifting framework. *See Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018); *Sumner v. U.S. Postal Serv.*, 899 F.2d 203, 208 (2d Cir. 1990). Under *McDonnell Douglas*, a plaintiff must first demonstrate a prima-facie case of discrimination or retaliation, after which an employer must point to a legitimate, nondiscriminatory reason for the challenged conduct; if the employer makes such a showing, the burden shifts back to the plaintiff to prove that the legitimate reason was, in fact, pretextual. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 83 (2d Cir. 2015). To establish a prima-facie case of discrimination under Title VII, a plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) the adverse action took place under circumstances giving rise to an inference of discrimination." *Reynolds v. Barrett*, 685 F.3d 193, 202 (2d Cir. 2012) (alteration and internal quotation marks omitted).

With respect to Bayat's discrimination claim, Bayat has failed to establish a prima-facie case for two reasons. First, he proffered no evidence to show that he

4

was "qualified for the position[s]" for which he applied. *Id.* The record reflects that Bayat sought roles that were above his seniority level, that required skills that Bayat did not possess, and that were outside of Bayat's "daily commutable distance." Supp. App'x at 66–67; *see also id.* at 54–55; Dist. Ct. Doc. No. 123 ¶¶ 55–57.

Second, Bayat failed to present evidence that Accenture's staffing practices gave "rise to an inference of discrimination." *Reynolds*, 685 F.3d at 202 (alteration and internal quotation marks omitted). Indeed, Bayat offers nothing more than bareboned assertions that Accenture gave preferential treatment to South Indian employees on H-1B visas. He identifies no invidious comments made by Accenture and makes no showing that "similarly situated" South Indian employees were selected for projects instead of Bayat. *See Graham v. Long Island R.R.*, 230 F.3d 34, 39–40 (2d Cir. 2000).[1] Nor can Bayat rely on statistical evidence

---

[1] Out of the projects that Bayat applied to, Accenture selected only one foreign employee over Bayat, and that employee was not "similarly situated" because, unlike Bayat, that employee lived within commutable distance as required by the on-site position. *See McGuinness v. Lincoln Hall*, 263 F.3d 49, 53–54 (2d Cir. 2001) (explaining that "similarly situated" means similarly situated in "all material respects").

5

that Accenture sponsored many H-1B visas to demonstrate discriminatory effect. The fact that Accenture hired employees with visas does not, "standing alone," support an "individual disparate[-]treatment action, [since] the particular employee must establish that he has been discriminated against because of his race." *Hudson v. Int'l Bus. Machs. Corp.*, 620 F.2d 351, 355 (2d Cir. 1980) (internal quotation marks omitted). We therefore agree with the district court that "Bayat has failed to [prove] a prima[-]facie case of discrimination or disparate treatment under Title VII." Supp. App'x at 194.[2]

Additionally, even if we were to assume that a prima-facie case has been established, Bayat fares no better under the remaining two prongs of the *McDonnell Douglas* test. Declarations from Bayat's supervisors reflected that negative client feedback and concerns over Bayat's tardiness and lack of critical work skills were the drivers in his termination. These are sufficient to satisfy the second prong of the *McDonnell Douglas* framework. *See Weinstock v. Columbia*

---

[2] Bayat likewise offered no evidence to support his contention that his *termination* was motivated by discrimination. Bayat has not demonstrated, for example, that a "similarly situated" employee outside his protected group remained "on the bench" without a project for the same protracted period of time and yet was not terminated. *See Graham*, 230 F.3d at 39–40.

*Univ.*, 224 F.3d 33, 42–43 (2d Cir. 2000). And while Bayat responds in a conclusory manner that "[h]is work was acceptable" and that "his colleagues praised him in performance reports," Bayat Br. at 54, he cites to no evidence suggesting that Accenture's proffered reasons were pretextual, *see Weinstock*, 224 F.3d at 42 ("The plaintiff must produce not simply some evidence, but sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the defendant were false, and that more likely than not discrimination was the real reason for the employment action." (alterations and internal quotation marks omitted)).

Likewise, the district court properly granted summary judgment on Bayat's retaliation claim. To make out a prima-facie case for retaliation, the plaintiff must show, among other things, that "a causal connection exists between the protected activity and the adverse action." *Sumner*, 899 F.2d at 208–09. Here, Bayat provides no "direct evidence of causation," and because the decision to terminate him was made more than a year after his initial discrimination complaint and actually *preceded* his subsequent complaint in 2016, he cannot "indirectly establish a causal connection." *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013).

7

Furthermore, even if it could be argued that Bayat made a prima-facie showing of retaliation, Bayat failed to rebut Accenture's facially nondiscriminatory reason for his termination. Specifically, Accenture showed that employees were required to apply for projects two weeks before completing their existing projects and that "13 project-based employees ha[d] been terminated for the same failure to secure a role on a project." Supp. App'x at 55 ¶ 14. Once again, Bayat offered no evidence to suggest that Accenture's proffered reason was pretextual. *See Zann Kwan*, 737 F.3d at 845–47. We therefore agree with the district court that summary judgment was appropriate as to Bayat's retaliation claim.

We have considered Bayat's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8